## Golub v. McLaughlin

*William C. Kuhn,* for plaintiffs.

*George H. Rowley,* for defendant.

STRANAHAN, P. J., January 11, 1971.—This matter is before the court on a motion for a summary judgment brought by defendant. The issue to be determined is a narrow one, since the court has been requested to decide whether this case should be tried under Pennsylvania law or Ohio law. The parties agree that if it is to be tried under Ohio law, then plaintiffs have no case and a summary judgment should be entered for defendant. If, on the other hand, it is to be tried under Pennsylvania law, then plaintiffs have set forth a good cause of action in their complaint.

The Ohio guest statute requires that defendant be guilty of more than simple negligence as is required in Pennsylvania in order for the plaintiff passenger to recover. This is the reason that the dispute has arisen between the parties and must now be decided by the court.

The depositions in this case indicate that Cary McLaughlin was 16 years of age, and on June 28, 1968, was friendly with Carl Bergstrom. Cary McLaughlin resided at the time this incident occurred at 138 Sterling Avenue, Sharon, Pa. On June 28, 1968, he had gone to Masury, Ohio, which was the residence of Carl Bergstrom, and he, together with his friend Bill Reiter, and Bergstrom, had driven the Bergstrom car, which was licensed in Ohio, back to Sharon, and while they were there they met Donald Edward Golub, Jr., then age 14, who resided at 538 South Irvine Avenue, Sharon, Pa. Reiter drove from

Masury to Sharon and part way back. Donald Edward Golub, Jr., asked Cary McLaughlin where they were going, and was advised that they were going to Bergstrom's apartment in Masury, Ohio. The apartment is located a short distance across the Ohio line in Brookfield Township, Ohio, but has a Masury address.

There is some conflict in the testimony as to the exact route followed by the parties, and whether or not a trip was later made back from Masury to Sharon, but it appears that the parties went eventually to the Bergstrom apartment with the idea that they would spend some time there and later Bergstrom would return them to the Sharon area. Defendant, McLaughlin, drove to Masury.

While they were at Bergstrom's apartment, plaintiff and defendant obtained the keys to Bergstrom's car from Bergstrom in order to go to a wine store to purchase pop. Bergstrom voluntarily gave McLaughlin the keys to the car, together with some money to make this purchase, and plaintiff and defendant were to obtain three bottles of pop and return to the Bergstrom apartment.

The trip to the wine store was safely made, but on the return trip, with McLaughlin driving, he lost control of the car and ran into the rear of a truck, thereby inflicting substantial personal injuries upon Golub. The car was severely damaged and is now junked.

Suit was brought in the Court of Common Pleas of Mercer County, Pa., and the complaint filed in this case alleges that defendant, Cary McLaughlin, was negligent. Depositions have been taken and affidavits have been filed by both sides.

Defendant has now made a motion for a summary judgment on the basis that Ohio law is applicable, and that the pleadings and depositions do not support a recovery under the Ohio guest statute.

This court wrote an opinion in Bates v. Nickels, 49 D. & C. 2d 193, in which it discussed the recent development in the field of conflict of laws which has resulted in changing the previous principle of lex loci delicti.

This court has some problem with applying the new theory as set forth in Griffith v. United Airlines, Inc., 416 Pa. 1; Kuchinic v. McCrory, 422 Pa. 620, and McSwain v. McSwain, 420 Pa. 86. Possibly the reason that this court encounters difficulty is because the law appeared to be well settled in Pennsylvania before these cases were decided, and it is only natural that the lower courts are suspicious of any change in the law which makes things more difficult.

In addition to this, the court cannot help but believe that the personal philosophy of the deciding judge is the controlling factor in deciding what law should apply. For example, if the judge is liberal and believes that those jurisdictions which do not have the guest statute are more enlightened than those jurisdictions that do have it, then such a judge can normally manipulate the facts to support the conclusion that he desires to reach. On the other hand, if the guest statute is not upsetting to the judge writing the opinion, then such a judge can apply other tests and criteria and reach the opposite conclusion. In Griffith v. United Air Lines, Inc., supra, the court discusses the problem of difficulty in applying the rule, but concludes (page 16) that mere difficulty in applying an unsound rule should not prohibit its change.

The proposed Restatement 2d, Conflict of Laws, §379a provides: "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless some other state has a more significant relationship with the occurrence and the parties as to the

particular issue involved, in which event the local law of the latter state will govern."

In Cipolla v. Shaposka, 439 Pa. 563, the majority opinion sets down two tests which control the determination of what law should apply. One of these tests is applicable in the matter now being decided.

The test is for the court to determine which State has the most contacts. The court states, page 566:

"In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interests underlying the particular issue before the court.' When doing this it must be remembered that a mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than a quantitative scale."

With all deference to our appellate courts, this rule is a little difficult to apply, because the number of contacts that are involved in each incident can be numerous if one's imagination is permitted to work overtime.

It must be considered, however, that the contacts are to be measured on a "qualitative" rather than a "quantitative" scale.

Endeavoring to apply this rule to the present case, we find that plaintiff and defendant are both residents of Pennsylvania, and that they left Pennsylvania with the general understanding that they would make a trip into Ohio, but would return to Pennsylvania after the visit was completed. It is true, as defendant argues, that the accident occurred while plaintiff and defendant were on a side trip which originated at Bergstrom's apartment, and was to terminate at the apartment after the pop had been purchased. It

is difficult, however, to limit the rule which we are here considering only to situations where the parties are involved in going and returning.

While there do not seem to be any Pennsylvania cases that deal with the question of how much of a digression may take place during the course of the trip before the general rule that the State having the greatest interest in the incident will no longer apply, it seems that the logic of the rule dictates that a small digression of the type existing here is not sufficient to constitute a second trip which would originate and terminate in Ohio.

While depositions indicate that various people drove the Bergstrom automobile, and that the plans may not have been completed as to the exact method of returning plaintiff and defendant to Sharon, the fact remains that a trip from Sharon to Masury was contemplated between plaintiff and defendant and the arrangements for this trip originated in Sharon and were to terminate with the ultimate return to Sharon. It is obvious that the two young men involved here were merely going to Masury, Ohio, for a short visit, and that the side trip to obtain pop was nothing more than an incident to the overall trip.

They had no interest in Ohio that was being furthered by their visit at the Bergstrom apartment, since they did not contemplate remaining there for an extended period of time, nor did they plan to do anything other than have a short visit and return home.

For this reason, we believe that the court is justified in treating the side trip as a part of the overall journey from Sharon to Masury and back to Sharon again.

The State of Ohio has contact with this matter in that the automobile involved was licensed in Ohio and

insured in Ohio. Plaintiff offered in evidence at the time of the argument the fact that insurance rates in Masury, Ohio, where the accident happened, are higher than the insurance rates in Sharon, Pa. This information is disputed by defendant. The fact remains that the difference, if any, is minimal and of little significance. Also the insurance company involved is Nationwide Mutual Insurance Company, which, as this name applies, is not a local company. The fact that the insured lives a short distance from Pennsylvania and would obviously drive in Pennsylvania would be a matter to consider in weighing the insurance factor.

Plaintiff also has produced an affidavit indicating that the treatment of his injuries occurred at the Sharon General Hospital, and that the only insurance which would be available to reimburse plaintiff's father for payment of the treatment is the liability policy covering the Bergstrom automobile. The affidavit further indicates that the balance due on the hospital bill is unpaid.

It seems to this court that if the rule set forth in the Griffith v. United Air Lines, Inc., case, supra, and continued in Cipolla v. Shaposka, supra, is to be the law of Pennsylvania, then the present case is a fit one to apply the reasoning of these cases, and that Pennsylvania law should apply. It seems to be that if the State with the largest qualitative contacts should be the State whose law governs, then Pennsylvania emerges triumphant.

The fact that plaintiff and defendant reside in Pennsylvania and that the overall trip was conceived in Pennsylvania, and that plaintiff has been returned for medical treatment in Pennsylvania, gives this State more interest in the outcome than Ohio has, even though Ohio is the situs of the accident and an Ohio vehicle insured under Ohio rates was involved.

We therefore conclude that defendant's motion for a summary judgment must be denied and that Pennsylvania law is applicable in the present case.

ORDER

And now, January 11, 1971, defendant's motion for a summary judgment is dismissed, and it is determined that Pennsylvania law is applicable in the present case.